

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 3, 2016

**BY ECF**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **United States v. Christopher Melon**,
           13 Cr. 871 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter in response to Christopher Melon's application seeking termination of his three-year term of supervised release, which is currently set to expire on August 21, 2017.  The Government objects to the relief sought.[1]

## BACKGROUND

    On November 7, 2013, a federal grand jury in this District returned a one-count indictment, 13 Cr. 871 (RJS) (the "Indictment"), against Melon.  Count One charged Melon with conspiracy to possess with intent to distribute cocaine from in or about April 2013 up to and including on or about May 13, 2013, in violation of Title 21, United States Code, Section 846. On March 28, 2014, Melon pleaded guilty to Count One of the Indictment without a plea agreement.

    On July 25, 2014, Melon appeared before the Court for sentencing.  After hearing from defense counsel, the Government, and the defendant, the Court determined that the quantity of cocaine at issue was 20 grams, for a total offense level of 8.  With a criminal history category of IV, the advisory Guidelines range was 10 to 16 months' incarceration.  The Court sentenced Melon to time served plus one month, to be followed by the statutory mandatory minimum term of three years' supervised release, the first three months of which were to be served on home confinement.

---

[1] Melon's current Probation Officer takes no position on the request for early termination of supervised release.

Melon was released from federal custody on August 22, 2014 and commenced his term of supervised release.  Melon has served approximately 20 months of supervised release and has approximately 16 months remaining in his term.

## LEGAL STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice."  18 U.S.C. § 3583(e)(1).  That determination must be informed by the court's consideration of certain statutory factors, including:

(i)     "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

(ii)    the need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D);

(iii)   the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, *id.* § 3553(a)(4);

(iv)    "any pertinent policy statement issued by the Sentencing Commission," *id.* § 3553(a)(5); and

(v)     "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

Subsection 3583(e), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to "modify, reduce, or enlarge" the term or conditions of supervised release.  *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997); *see also generally* 18 U.S.C. § 3583(e).

Because the determination of whether to terminate supervised release turns on many of the same factors as the initial sentencing decision, the Second Circuit has held that a defendant must demonstrate "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release" to show that the "previously imposed term or condition of release [is] either too harsh or inappropriately tailored to serve the general punishment goals of section

3553(a)." *Lussier*, 104 F.3d at 36.  In this regard, the defendant has the initial burden of making a "threshold showing of a significant change" before the court is even "required to consider [the] motion." *United States* v. *Sarvis*, 205 F.3d 1326 (2d Cir. 2000) (table).[2]

Mere compliance with the terms of release "does not qualify" one for such a remedy. *United States* v. *Katz*, Nos. 02 Cr. 1586, 02 Cr. 1589 (JFK), 2008 WL 4699832, at *2 (S.D.N.Y. Oct. 23, 2008).  "Motions for early termination of supervised release should not be granted as a matter of course because model prison conduct and full compliance with the terms of supervised release is what is expected of a person."  *United States* v. *Berrios*, No. 95 Cr. 84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (internal citation and quotation marks omitted); see also *Katz*, 2008 WL 4699832, at *2 ("Far from being exceptional, such compliance is expected by this Court."); *United States* v. *Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) ("[O]ngoing and full compliance with all conditions of supervised release . . . is what is required of all criminal defendants and is not a basis for early termination of his supervised release.").

## ARGUMENT

### A.  Melon Has Failed to Articulate Extraordinary Changed Circumstances Sufficient to Support an Early Termination of Supervised Release

Melon asserts that he is entitled to an early termination of supervised release because he has "accepted the penalties for his actions," he is gainfully employed, he has successfully reported to his probation officer, and "stayed out of any type of trouble"—in other words, that he is "fully rehabilitated" and has "proved that [he has] learned from [his] mistakes."  Although Melon's actions while on supervised release are certainly positive, such conduct is of the type expected of defendants under post-release supervision and does not constitute a "special, extraordinary, or unforeseen circumstance that distinguishes [Melon] from other compliant defendants while on supervised release."  *United States v. Flores*, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y June 28, 2010); *see Berrios*, 2010 WL 1010022, at *2 (denying early termination of supervised release for defendant, although the court expressed pleasure with compliance, good attitude and work ethic, defendant "has done nothing more than what is expected of all criminal defendants"); *see also United States* v. *Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y 2010) (noting that pursuing productive employment insufficient, standing alone, to justify early termination of supervised release); *United States* v. *Liriano*, No. 91 Cr. 908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (securing employment, and compliance with terms of supervised release not "exceptional" to justify early termination of supervised release).

---

[2] In a technical sense, by "consider [the] motion," the Second Circuit presumably meant "hold a hearing" pursuant to Federal Rule of Criminal Procedure 32.1(c).  That rule ordinarily requires the court, before it grants relief on an application to terminate supervised release, to hold a hearing unless (a) the defendant waives a hearing or (b) the government fails to object after notice and a reasonable opportunity to be heard.  *See* Fed. R. Crim. P. 32.1(c)(2).  If the court intends *not* to modify the terms of supervised release, however, no such hearing need be held— *i.e.*, the Court is not "required to consider [the] motion"—unless the defendant can make the "threshold showing of a significant change" described above.

Accordingly, even assuming that a mandatory term of supervised release—such as that imposed here—may be terminated after 18 months pursuant to Section 3583(e)(1), *see United States* v. *Johnson*, 529 U.S. 53, 60 (2000), *United States* v. *Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994) (holding that courts may modify or terminate mandatory terms of supervised release); *see also United States* v. *Vargas*, 564 F.3d 618, 623 n.3 (2d Cir. 2009), Melon has not met his initial burden of showing that the term of supervised release that was imposed at his sentencing is no longer appropriate.

## B.  The Section 3553(a) Factors Weigh in Favor of Rejecting the Application

Even if Melon had met his burden and made a showing of a "changed circumstance" in support of his motion to terminate supervised release, his motion should nevertheless be denied. Among the most relevant of the Section 3553(a) factors in this case are the "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2).

The purchase and distribution of wholesale quantities of cocaine—even 20 grams at a time—is a serious offense that harms the community and feeds the disease of addiction. Moreover, Melon has a substantial criminal history, as is reflected in his Criminal History Category of IV.  The defendant has seven prior convictions.  Some of the convictions are for minor offenses, but one is for carrying firearms without a license and possessing marijuana.  For that conviction, in 2011, he was initially sentenced to five years' probation.  In 2013, the defendant violated his probation and was resentenced to 3 to 23 months' imprisonment and 2 years' probation.  The defendant was in fact still on probation when he committed the offense in the instant case.  Given the seriousness of Melon's criminal history, his term of supervised release operates to continue to provide just punishment, deterrence, and protection to the public, while permitting him "to continue to nurture his positive relationships and his business."  *United States* v. *Collado*, No. 07 Cr. 1144 (HB), 2008 WL 2329275, at *6 (S.D.N.Y. June 5, 2008).

Finally, Melon's success on supervision so far is not a reason to terminate his supervised release.  For the last eighteen months, while Melon has been under the supervision of the Probation Office, he has not—as far as the Government is aware—committed any new crimes. Supervised release, like probation, is "rehabilitative in nature."  *Collado*, 2008 WL 2329275, at *6. The lack of further crimes is evidence that supervised release is, in Melon's case, serving its intended purposes of rehabilitating the defendant and protecting the public from the further criminal activity of an individual with a substantial criminal record, including a repeated history of committing crimes while under court-ordered supervision.

Melon's Probation Officer takes no position on the request for early termination of supervised release.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Melon's application for early termination of supervised release.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _Jessica Lonergan_
Jessica Lonergan / Russell Capone
Assistant United States Attorneys
(212) 637-1038 / 2247

cc:     Sean Maher, Esq. (by ECF)

Shawn Leaken, United States Probation Officer (by email)

Christopher Melon (by mail)
c/o United States Probation
50 Walnut Street
Newark, NJ 07102